FILIPPATOS RISK LLP
Parisis G. Filippatos (PF 1593)
60 East 42nd Street, 47th Floor
New York, New York 10165
(212) 682-2400

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MER BALINGIT,

              Plaintiff,

    -against-

STOFFEL SEALS CORPORATION,

             Defendant.
-----------------------------------------------------------------X

JUDGE BRIEANT

05 CV 5544

Civil Index No.

COMPLAINT

Plaintiff Mer Balingit ("Balingit"), by her attorneys, Filippatos Risk LLP, alleges and avers as follows:

### NATURE OF THE CASE

1.    The Plaintiff, Mer Balingit, brings this civil rights action to recover damages caused by the Defendant Stoffel Seals Corporation's violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12203, et seq.; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA"), which incorporates by reference §16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b); the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq. ("Title VII"); the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C.A. §§ 2601 et seq.; the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-101 et seq. ("NYCHRL").



2. Ms. Balingit has filed this action because Defendant discriminated against her on the basis of her perceived disability, age, gender, national origin, and leave status. Upon information and belief, when Ms. Balingit complained of the foregoing unlawful treatment, Defendant retaliated against by terminating her employment.

## JURISDICTION, VENUE, AND PARTIES

3. This Court has original subject matter jurisdiction over the ADA, the ADEA, Title VII and the FMLA claims under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights, and supplemental subject matter jurisdiction over the state and city law claims under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b),(c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this district; the cause of action arose and the acts or omissions complained of occurred therein; and Plaintiff is a resident thereof.

5. Ms. Balingit has complied with all statutory prerequisites to her federal claims, having filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 16, 2004, and obtained a Notice of Right to Sue from the EEOC on or about March 14, 2005.

6. Contemporaneously with the filing of this Complaint, Ms. Balingit has mailed a copy of same, along with a letter of explanation, to the New York City Commission of Human

2

Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of § 8-502 of the New York City Administrative Code.

7. Any and all other prerequisites to the filing of this suit have been met.

8. Plaintiff is a woman, age 63 as of the date of this Complaint, who lives in Westchester County, State of New York. She is a citizen of the United States. Plaintiff is of Filipino descent.

9. For nearly 25 years Ms. Balingit was employed by Defendant first as a factory employee and eventually as an executive secretary. Plaintiff was working as a secretary for the president at the time she was terminated on April 14, 2004.

10. Upon information and belief, Defendant is a United States corporation duly licensed to do business in the State of New York, with principal officers located in Westchester County.

11. At all times that she was employed by Defendant, Ms. Balingit maintained a full-time schedule of at least forty (40) hours per week; accordingly, she is an "employee" under all applicable statutes.

12. On information and belief, at all times pertinent hereto, Defendant has been an employer engaged in an industry affecting interstate commerce with fifty (50) or more employees for each working day in each twenty of more calendar weeks in any given year; accordingly, Defendant meets the definition of "employer" under all applicable statutes.

13. On information and belief, at all times pertinent hereto, Defendant has jointly or severally employed more than five hundred (500) people.

**FACTUAL HISTORY**

14. Upon information and belief, Plaintiff performed her duties well and was never disciplined for any reason until the events leading to her termination.

15. On April 14, 2004, Plaintiff was sent home early in the workday and told that she should come back the next day. When Plaintiff returned the next day, she was handed a letter stating that she needed to "seek immediate medical help from a licensed practitioner." The letter further stated in bold print that Plaintiff could not come back to work "unless she has a letter from a licensed mental health professional attesting to her ability to function in her position as Executive Secretary." Accordingly, Plaintiff was involuntarily placed on Family Medical Leave and was not compensated for being forced to leave work.

16. Plaintiff did not think there was anything wrong with her, but after getting advice from her family, she went to obtain an examination by a licensed practitioner and he provided her a return to work report dated May 26, 2004, that he also sent directly to the Defendant.

17. On June 1, 2004, Plaintiff reported to work with a copy of the doctor's May 26, 2004 return to work report. The medical report clearly stated that she was fit to return to work immediately. However, the Defendant refused to reinstate her. They insisted that she get a second opinion from the Behavior Health Center, Westchester Medical Center, Valhalia, New York.

18. Plaintiff was not willing to submit to the intrusion of another psychiatric exam and told Defendant that she fully complied with their earlier request and should be returned to work. However, Defendant insisted upon a second medical examination.

19. On July 19, 2004, Plaintiff was notified that her 12 weeks of FMLA time had expired and "Since she did not comply with our reasonable request for a second medical opinion within the required time, we have no alternative but to terminate her employment effective July 16, 2004."

20. Plaintiff believes that she was being discriminated against because of perceived disability, age, gender, national origin, and leave status.

21. Plaintiff believes discriminatory animus to be a substantial motivating factor in her termination because she has a long and unblemished record of good performance and there was no justification for insisting she get a medical clearance to begin with, much less a second opinion when Defendant did not like the fact that she was cleared to return to work.

22. Plaintiff has suffered greatly in being terminated under theses circumstances. Plaintiff was humiliated in being told that she could not return to work without getting medical clearance, and was doubly humiliated when she was returned to work even after complying with Defendant's request.

## COUNT I

## ADA

23. Plaintiff realleges each and every allegation in paragraphs 1 through 22 as though set forth in full hereinbelow.

24. Defendant regarded Plaintiff as suffering from a mental impairment or disability that substantially limits one or more major life activities and is demonstrable by medically accepted clinical and laboratory diagnostic techniques.

25. Defendant violated the ADA when it discriminatorily terminated Plaintiff's employment because it regarded her as having such a disability.

26. Plaintiff violated the ADA when it retaliated against Plaintiff for engaging in protected activity, namely complaining about Defendant's discriminatory conduct.

27. Plaintiff has suffered damages as a result of Defendant's unlawful acts, including past and future lost wages and benefits, emotional distress, and the costs of bringing this action.

28. The foregoing actions by Defendant were willful and malicious violations of the ADA

## COUNT II

## ADEA

29. Plaintiff realleges each and every allegation in paragraphs 1 through 22 as though set forth in full hereinbelow.

30. Defendant has discriminated and retaliated against Plaintiff on account of her age in violation of the ADEA by denying to her equal terms and conditions of employment.

31. As a direct and proximate consequence of the Defendant's intentional, unlawful, and discriminatory employment policies and practices, plaintiff has suffered, and continues to suffer, monetary damages including, but not limited to, a loss of income.

32. The foregoing actions by Defendant were willful violations of the ADEA.

## COUNT III

## Title VII

33. Plaintiff realleges each and every allegation in paragraphs 1 through 22 as though set forth in full hereinbelow.

34. Defendant has intentionally discriminated and retaliated against Ms. Balingit in violation of Title VII on the basis of gender and national origin and as a direct and proximate consequence of Defendant's intentional, unlawful, discriminatory, and retaliatory treatment of Ms. Balingit, she has suffered monetary damages including, but not limited to, a loss of income, including past salary, stock options, and other company-sponsored benefits, as well as compensatory damages due to emotional distress and mental anguish.

35. The foregoing actions by Defendant were willful and malicious violations of the Title VII.

## COUNT IV

## FMLA

36. Plaintiff realleges each and every allegation in paragraphs 1 through 22 as though set forth in full hereinbelow.

37. Defendant has willfully and unlawfully terminated Plaintiff in violation of the FMLA.

38. As a direct and proximate consequence of the Defendant's intentional, unlawful, and discriminatory employment policies and practices, plaintiff has suffered, and continues to suffer, monetary damages including, but not limited to, a loss of income.

39. The foregoing actions by Defendant were willful violations of the FMLA.

## COUNT V

## NYSHRL

40. Ms. Balingit incorporates by reference each allegation of each preceding paragraph.

41. Defendant has intentionally discriminated and retaliated against Ms. Balingit in violation of the NYSHRL and as a direct and proximate consequence of Defendant's intentional, unlawful, discriminatory, and retaliatory treatment of Ms. Balingit, she has suffered monetary damages including, but not limited to, a loss of income, including past salary, stock options, and other company-sponsored benefits, as well as compensatory damages due to emotional distress and mental anguish.

## COUNT VI

## NYCHRL

42. Ms. Balingit incorporates by reference each allegation of each preceding

paragraph.

43. Defendant has intentionally discriminated and retaliated against Ms. Williams in violation of the NYCHRL and as a direct and proximate consequence of Defendant's intentional, unlawful, discriminatory, and retaliatory treatment of Ms. Balingit, she has suffered monetary damages including, but not limited to, a loss of income, including past salary, stock options, and other company-sponsored benefits, as well as compensatory damages due to emotional distress and mental anguish.

44. The foregoing actions by Defendant were willful and malicious violations of the NYCHRL.

**WHEREFORE**, Plaintiff respectfully requests that upon trial this Court enter judgment:

A. Declaring that Defendant's actions and practices violated the ADA, the ADEA, Title VII, the FMLA, the NYSHRL, and the NYCHRL;

B. Permanently enjoining Defendant (and its officers, agents, and successors) from engaging in actions or practices that discriminate against any employees or job applicants because of their gender or participation in this lawsuit;

C. Directing Defendant to make Ms. Balingit whole by providing her with back pay, front pay, and reimbursement for lost Social Security and other employment-related benefits;

D. Directing Defendant to pay Ms. Balingit compensatory damages for the emotional distress and pain and suffering caused to her by the discriminatory treatment and retaliation of Defendant as provided by the ADA, Title VII, the NYSHRL, and the NYCHRL;

E. Directing Defendant to pay Ms. Balingit liquidated damages for its willful violations of the ADEA and the FMLA;

F.    Directing Defendant to pay Ms. Balingit punitive damages sufficient to punish and deter continuation of Defendant's unlawful employment practices, as provided by the ADA, Title VII, and the NYCHRL;

G.    Awarding Ms. Balingit reasonable attorneys' fees, costs, and expenses, as provided by the ADA, the ADEA, Title VII, and the NYCHRL; and

H.    Granting such other or additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: New York, New York
June 10, 2005

Respectfully submitted,

Filippatos Risk LLP

By: _____
Parisis G. Filippatos (PF1593)

Attorneys for Plaintiff
60 East 42nd Street, 47th Floor
New York, New York 10165
(212) 682-2400